THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KENNETH PETERSON, ) | |
| Plaintiff, ) | |
| ) | Case No. 2:11CV804 DS |
| vs. ) | |
| ) | |
| SHAWN JOHNSON and DOUG ANDRUS ) | MEMORANDUM |
| DISTRIBUTING, LLC, ) | DECISION |
| ) | |
| Defendants. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

This case arose out of a rear-end motor vehicle accident between Plaintiff Kenneth Peterson and a semi driven by Shawn Johnson and owned by Doug Andrus Distributing.  Plaintiff filed negligence claims against Defendants based on the accident.  Plaintiff now seeks to amend his Complaint to add a negligent entrustment/hiring claim against Doug Andrus and a claim for punitive damages.  Defendants argue that the Motion to Amend should be denied because the claims Plaintiff seeks to add are untimely, futile, and unfairly prejudicial to Defendants.  The court agrees with Defendants, and the Motion to Amend is hereby denied.

## II. ANALYSIS

**A. Timeliness**

The Scheduling Order's deadline to file a motion to amend pleadings was June 30, 2012. Mr. Johnson was deposed on June 14, 2012, prior to the deadline to file motions to amend pleadings.  The Discovery Plan was amended on August 8, 2013, but the amended plan did not extend the deadline for motions to amend the pleadings.  The current motion was also filed on August 8, 2013.

Defendants argue that in this circuit, untimeliness alone is sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for delay. In this case, the deadline to file a motion to amend expired 16 days after Mr. Johnson's deposition. Plaintiff's entire Motion to Amend is based on evidence known to all parties at the time of the deposition. It is undisputed that Plaintiff failed to meet the deadline for amendment of pleadings.

Plaintiff Peterson claims that he has an adequate explanation for his delay in moving to amend. On July 9, 2012 he had emailed Defendants a proposed Amended Case Management Order ("CMO") that included, on a separate page *below* the signature block, a chart listing various events and corresponding deadlines, including a new deadline to amend pleadings of October 28, 2013. Defense counsel responded to the proposed CMO via email and said, "Thanks Ryan. Looks good. You are authorized to attach my electronic signature." Plaintiff claims that due to a clerical error, the October 28 deadline was omitted from the Stipulated Motion to Amend Discovery Plan and CMO when it was filed with the court.

Defendant notes, however, that several of the deadlines on the chart below the signature block contradict the deadlines set forth *above* the signature block. Defendants' counsel was unaware of the contradictory list of deadlines set forth after the signature block. And Plaintiff's counsel did not submit these contradictory deadlines to the court. This Motion to Amend is clearly untimely.

**B. Futility**

The Tenth Circuit recognizes that a motion to amend should be denied upon a showing of "futility of amendment."[1] Plaintiff seeks to add claims against Doug Andrus Distributing for negligent entrustment/hiring. Defendant argues that those proposed claims are futile. In the

---

[1] *Frank v. U.S. West,* 3 F.3d 1357, 1365 (10th Cir. 1993).

majority of states that have addressed the issue, a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of his employment when the accident occurred.[2] Courts within the 10th Circuit have held the same.  The theory is that when a defendant denies liability, there is no problem with allowing the plaintiff to proceed under two consistent theories of recovery such as respondeat superior and negligent entrustment. However, when the defendant admits liability under one of plaintiff's theories of recovery such as respondeat superior, difficulties do arise. The majority view allows plaintiff to proceed on only one theory of recovery in cases where liability has been admitted as to one theory of recovery. In this case, Doug Andrus Distributing has admitted it is vicariously liable for any negligence imputed to Mr. Johnson, so under the majority view, Plaintiff's negligent entrustment/hiring claim would be futile.

The minority view holds that an admission that the employee was acting within the scope of his or her employment does not preclude an action for both respondeat superior and negligent

---

[2] *Coville v. Ryder Truck Rental, Inc.,* 817 N.Y.S.2d 179 (June 8, 2006)(multiple citations omitted); *Brown v. Larabee,* 2005 WL 1719908 (W.D. Mo. July 25, 2005)("[B]ecause [the employer] has admitted an agency relationship with [it's employee], plaintiff cannot pursue any other imputed liability claims besides vicarious liability.  As a result, plaintiff's negligent hiring/retention/training claim must be dismissed."); *Hoch v. John Christner Trucking, Inc.* 2005 WL 2656958 (W.D. Mo. Oct. 18, 2005)("once defendant admits vicarious liability for actions of its employee/agent, negligent hiring/training/entrustment claims 'serve no real purpose' and must be dismissed); *Clooney v. Geeting*, 352 So.2d 1216 (Fla.App. 1978)(where claim for negligent hiring, employment and entrustment by truck owner imposed no additional liability but merely alleged concurrent theories of recovery, desirability of allowing such theories was outweighed by prejudice to defendants and claim was properly stricken); *Bartja v. National Union Fire Ins. Co.,* 463 S.E.2d 358 (Ga. 1996)(affirming summary judgment on negligent entrustment, hiring, retention and supervision claims since employer admitted employee was acting in course and scope of employment at time of truck accident); *Gant v. L..U. Transport, Inc.,*770 N.E.2d 1155 (Ill.App. 2002)("once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on a theory of negligent hiring, negligent retention or negligent entrustment") *Wise v. Fiberglass Systems, Inc.,*718 P.2d 1178 (Idaho 1986)(driver could not pursue negligent entrustment, negligent hiring, or negligent training claims bhecause truck owner admitted liability under respondeat superior).

entrustment or negligent hiring, retention, or supervision. These cases rest on the proposition that negligent entrustment and negligent hiring, retention, or supervision are torts distinct from respondeat superior and that liability is not imputed but instead runs directly from the employer to the person injured.

Utah has not addressed this precise issue. Plaintiff cites *J.H. by and through D.H. v. West Valley City*,[3] and *Lane v. Messer*,[4] to argue that his negligent hiring/entrustment claims are not futile. However, neither of these cases applies to the present action. Unlike the present case, in *West Valley City* the plaintiff's respondeat superior claim was properly dismissed, and in the Lane case, the employer defendant contested that the employee was acting with the course and scope of his employment at the time of the accident. In this case, Doug Andrus has conceded that Mr. Johnson was acting within the course and scope of his employment at the time of the subject accident, so under the majority view, Plaintiff cannot proceed with his respondeat superior and negligent entrustment claims.

Defendants also argue that Plaintiff's claim for punitive damages is futile because there is no evidence that Defendants acted willfully, maliciously, or with reckless disregard toward Plaintiff's rights. Under Utah Law, "Simple negligence will never suffice as a basis upon which such damages may be awarded. Punitive damages are never awarded for mere inadvertence, mistake, errors of judgment and the like." *Behrens v. Raleigh Hills Hospital, Inc.*, 675 P.2d 1179, 1186 (Utah 1983)(citations omitted). Plaintiff cites Mr. Johnson's "extensive criminal history" as evidence of Doug Andrus Distributing's "reckless indifference to the rights of others in continuing to employ Mr. Johnson." However, none of his prior acts seem to have any bearing

---

[3] 840 P.2d 115 (Utah 1992)

[4] 731 P.2d 488 (Utah 1986)

on the accident in question. There is no evidence that he ever received prior citations or criminal convictions for "following too close," or that he ever had a moving violation while driving a commercial vehicle, other than a seatbelt ticket. It is undisputed that Mr. Johnson had a valid commercial driver's license and was otherwise qualified to drive a commercial vehicle at the time of the subject accident.

     Plaintiff also seeks to add punitive damages claim against Mr. Johnson, because "he had been driving in excess of 14 hours," and was "operating the semi with faulty brakes" on the day of the accident. There is no evidence in the record, however, indicating that the alleged 14-hour rule violation had any connection with the subject of the accident. According to the "Driver/Vehicle Examination Report," which is inadmissible hearsay, Mr. Johnson was cited for "14 hour rule violation (Property) / August 24 from 0730-900 p.m." It is undisputed that the accident took place on August 26, 2010, two days after the alleged violation noted on the report. The sole, undisputed evidence with regard to the allegedly faulty brakes is that 1 out of 18 brakes was contaminated with oil, which condition was not present during Mr. Johnson's pre-trip inspection. It is also undisputed that, just prior to the subject accident, Mr. Johnson applied his brakes, which "locked up just fine."

     Defendants argue that Plaintiff's Motion to Amend is designed solely to introduce prejudicial, inflammatory, and otherwise inadmissible evidence. They argue that evidence of Mr. Johnson's criminal history has no relevance in this simple rear-end collision case. The court agrees.

## III. CONCLUSION

For the reasons set forth above, the court finds that Plaintiff's Motion to Amend is untimely, and the arguments set forth therein are futile. Therefore Plaintiff's Motion to amend is hereby denied.

DATED this 25th day of September, 2013.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT